# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| CHESTER C. GRAHAM<br>a private individual,<br><br>        Plaintiff,<br><br>vs.<br><br>Comcast Cable Communications, LLC d/b/a Xfinity,<br>Comcast Cable Communications Management, LLC,<br>Comcast of Minnesota/Wisconsin, Inc.,<br>Comcast of Minnesota, Inc.,<br>Comcast of St. Paul, Inc.,<br>Comcast of Arkansas/Florida/Louisiana/Minnesota/<br>Mississippi/Tennessee, Inc.<br><br>        Defendants. | Case No. 22-cv-02377 |

## NOTICE OF REMOVAL

Defendants (collectively "Comcast"), pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, hereby remove the state-court civil action styled *Graham v. Comcast Cable Communications, LLC, d/b/a Xfinity et al.*, from the Ramsey County (Minnesota) District Court (the "State Court") to the United State District Court for the District of Minnesota, and in support thereof states as follows:

**I.    Background**

    1.    Removal is based on federal question jurisdiction.

    2.    On September 7, 2022, pro se Plaintiff Chester Graham served Comcast with the summons and the State Court complaint, which purports to assert a claim against

Comcast for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

3. In accordance with 28 U.S.C. § 1446(a), a copy of "all process, pleadings, and orders served upon" Comcast in the State Court are attached hereto as **Exhibit 1.**

4. Pursuant to 28 U.S.C. §§ 1446(a) and (d), undersigned counsel certifies that a Notice of Filing Notice of Removal, along with a copy of this Notice of Removal and all attachments hereto, will be promptly filed with the Clerk of the State Court, and the same will be promptly served on Plaintiff.

5. Plaintiff's complaint alleges that, on two occasions, Comcast knowingly called his residential cell telephone using an automatic dialing system and/or an artificial, pre-recorded voice without Plaintiff's consent. The complaint also alleges that Comcast failed to provide Plaintiff a copy of its policy regarding the do-not-call list maintained by the Federal Trade Commission upon Plaintiff's demand. On these grounds, the complaint asserts three claims for relief for alleged violations of the TCPA. *See* Compl. ¶¶ 50–57.

6. "To remove a case from a state court to a federal court, a defendant must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014) (quoting 28 U.S.C. § 1446(a)). As demonstrated below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Comcast has satisfied the procedural requirements for removal and because this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

**II.     Comcast has satisfied the procedural requirements for removal.**

7.     This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within 30 days after Plaintiff served Comcast with the Complaint on September 7, 2022.  *See* 28 U.S.C. § 1446(b)(1).

8.     This Court is the proper place to file this Notice of Removal under 28 U.S.C. § 1441(a) because it is the federal district court that embraces the County of Ramsey.

9.     As of the date of this Notice of Removal, Comcast has not filed a responsive pleading in the State Court.  Comcast hereby reserves all legal rights and defenses to the Complaint.  By removing the action to this Court, Comcast does not waive any rights or defenses available under federal or state law.

**III.    Removal is proper because this Court has subject matter jurisdiction.**

10.    The State Court complaint is removable under 28 U.S.C. §§ 1331 and 1441 because this Court has federal question jurisdiction.  A defendant in a state-court action may remove a case to federal court if "the district courts of the United States have original jurisdiction" over the action. 28 U.S.C. § 1441(a).  District courts have original jurisdiction over cases or controversies "arising under" the laws of the United States of America.  28 U.S.C. § 1331.

11.    Here, Plaintiff's Complaint purports to assert a claim against Comcast for alleged violations of a federal statute—the TCPA—and consequently his claim "plainly arise[s] under the laws of the United States." *Mims v. Arrow Fin'l Servs., LLC*, 565 U.S. 368, 377 (2012) (holding that federal courts have original jurisdiction over TCPA claims, as the federal statute "creates the right of action and provides the rules of decision").

## CONCLUSION

For the foregoing reasons, the State Court complaint is properly removed to this Court.

Dated: September 28, 2022         Respectfully submitted,

**BALLARD SPAHR LLP**

By: /s/ *Karla M. Vehrs*
Karla M. Vehrs (#0387086)
vehrsk@ballardspahr.com
2000 IDS Center
80 S. 8th Street
Minneapolis, MN 55402
Telephone: (612) 371-3211
Facsimile: (612) 371-3207

AND

**WINSTON & STRAWN LLP**
Kevin P. Simpson (*pro hac vice forthcoming*)
kpsimpson@winston.com
35 W. Wacker Drive
Chicago, IL 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

**Attorneys for Defendants**