# EXHIBIT 1

**STATE OF MINNESOTA**                     **IN DISTRICT COURT**

**COUNTY OF RAMSEY**          **SECOND JUDICIAL DISTRICT**
_____Case Type: Telephone Consumer Protection Act of 1991 (TCPA)_____

CHESTER C. GRAHAM                     **Court File No.**
a private individual,

        Plaintiff,

vs.

Comcast Cable Communications, LLC d/b/a Xfinity,
Comcast Cable Communications Management, LLC,
Comcast of Minnesota/Wisconsin, Inc.,
Comcast of Minnesota, Inc.,
Comcast of St. Paul, Inc.,
Comcast of Arkansas/Florida/Louisiana/Minnesota/
Mississippi/Tennessee, Inc.

        Defendants.

---

## SUMMONS

---

**THIS SUMMONS IS DIRECTED TO**: Comcast Cable Communications
LLC d/b/a Xfinity; Comcast Communications Management, LLC;
Comcast of Minnesota/Wisconsin, Inc.; Comcast of Minnesota, Inc.;
Comcast of St. Paul, Inc.;Comcast of Arkansas/Florida/Louisiana/
Minnesota/Mississippi/Tennessee, Inc.

1.    **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit
against you. The _Complaint_ is attached to this _Summons._ Do not throw
these papers away. They are official papers that start a lawsuit and
affect your legal rights, even if nothing has been filed with the court
and even if there is no court file number on this _Summons._

2.    **You must BOTH reply, in writing, AND get a copy of your
reply to the person/business who is suing you within 21 days
to protect your rights.** Your reply is called an _Answer._ Getting your
reply to the Plaintiff is called <u>service</u>. You must serve a copy of your

1

*Answer* or *Answer and Counterclaim* (Answer) within 21 days from the date you received the *Summons and Complaint.*

ANSWER: You can find the *Answer* form and instructions on the MN Judicial Branch website at www.mncourts.gov/forms under the "Civil" category. The instructions will explain in detail how to fill out the *Answer* form.

3.    **You must respond to each claim.** The *Answer* is your written response to the Plaintiff's *Complaint.* In your *Answer* you must state whether you agree or disagree with each paragraph of the *Complaint.* If you think the Plaintiff should not be given everything they asked for in the *Complaint* you must say so in your *Answer.*

4.    SERVICE: **You may lose your case if you do not send a written response to the Plaintiff.** If you do not serve a written *Answer* within 21 days, you may lose this case by default.

You will not get to tell your side of the story. If you choose not to respond, the Plaintiff may bae awarded everything they asked for in their *Complaint.* If you agree with the claims stated in the *Complaint,* you don't need to respond. A default judgment can then be entered against you for what the Plaintiff asked for in the *Complaint.*

To protect your rights, you must serve a copy of your *Answer* on the person who signed this *Summons* in person or by mail at this address:

Chester C. Graham
Plaintiff and Attorney *pro se*
905 Forest Avenue, Apt. #214
Northfield MN 55057-1699

5.    Carefully read the Instructions (CIV301) for the *Answer* for your next steps.

6.    **Legal Assistance.** You may wish to get legal help from an attorney. If you do not have an attorney and would like legal help:

2

- Visit www.mn.courts.gov/selfhelp and click on the "Legal Advice Clinics" tab to get more information about legal clinics in each Minnesota county.

- Court Administration may have information about places where you can get legal assistance.

**NOTE: Even if you cannot get legal help, you must still serve a written *Answer* to protect your rights or you may lose the case.**

7.   **Alternative Dispute Resolution (ADR).** The parties may agree to or be ordered to participate in an ADR process under Rule 114 of the Minnesota Rules of Practice. You must still serve your written *Answer,* even if you expect to use ADR.

Date: *09/07/2022*

*Chester C. Graham*

Chester C. Graham
Plaintiff and Attorney *pro se*
905 Forest Avenue, Apt. #214
Northfield Mn 5507-1699
Telephone: (320) 414-4431 - cell
Email: chester474@gmail.com

3

**STATE OF MINNESOTA**                    **DISTRICT COURT**

**COUNTY OF RAMSEY**                 **SECOND JUDICIAL DISTRICT**
_____Case Type: Telephone Consumer Protection Act of 1991 (TCPA)

Chester C. Graham, a private individual,

       Plaintiff,

vs.

Comcast Cable Communications, LLC, d/b/a Xfinity,
Comcast Cable Communications Management, LLC,
Comcast of Minnesota/Wisconsin, Inc.,
Comcast of Minnesota, Inc.,
Comcast of St. Paul, Inc.,
Comcast of Arkansas/Florida/Louisiana/Minnesota/
Mississippi/Tennessee, Inc.

       Defendants.

---

## COMPLAINT

---

1.    Plaintiff Chester C. Graham brings this action for statutory damages against a media company for violating the Telephone Consumer Protection Act of 1991 (TCPA), 47 U.S.C. § 227 and regulations promulgated by the Federal Communications Commission (FCC) found at 47 CFR ¶ 64.1200.

### INTRODUCTION

2.    Congress enacted the TCPA in 1991 in response to consumer outrage over the proliferation of intrusive nuisance calls to their homes from telemarketers.

3.      The TCPA gave the Federal Communications Commission (FCC) the
authority to regulate interstate and intrastate telemarketing in order to
enable consumers to curb calls that had become an intrusive invasion of
privacy.

4.      In addition to providing the FCC with regulatory authority the TCPA
created private rights of action for certain violations and is a private attorney
general statute.

5.      The civil penalties are an incentive for individuals to bring suits to
enforce the provisions of the TCPA for the benefit of the general good.

6.      The TCPA is a strict liability statute.

## JURISDICTION

7.      This Court has jurisdiction of this matter because cases arising under
the TCPA and regulations thereunder are to be brought in state court - see
47 U.S.C. § 227(b)(3) - and the acts complained of were done in Minnesota.

## VENUE

8.      Venue is proper in this Court because the Minnesota agents for service
of process of the Defendants - C T Corporation and the Office of the
Minnesota Secretary of State - are located in Ramsey County.

## STANDING

9.      The Defendants' unwanted telemarketing calls to Plaintiff caused him
real harm and the Plaintiff has suffered a concrete injury.

## STATUTE OF LIMITATIONS

10.    The TCPA's permissive grant of jurisdiction to state courts does not deprive federal district courts of federal question jurisdiction over private TCPA suits and this requires the application of the federal 4-year default statute of limitations.[1]

## PARTIES

### PLAINTIFF

11.    Plaintiff Chester C. Graham (hereinafter "Plaintiff") at all times relevant was a resident of the City of Northfield, Minnesota, County of Rice.

12.    Plaintiff at all relevant times had a residential cell telephone with the number ending in 9014 which was used only for personal, non-business calls.

13.    Plaintiff at all relevant times had only one telephone.

14.    Plaintiff has never had an established business relationship with the Defendants.

15.    Plaintiff has never given the Defendants express, prior, written permission to contact him using an automatic telephone dialing system (ATDS) and an artificial or prerecorded voice.

---

[1] *Mims v. Arrow Fin. Services, LLC*, 565 U.S. 368, 132 S.Ct. 740, 751-753, 181 L.Ed.2d 881(2012); *Giovanniello v. ALM Media, LLC*, 726 F.3d 106 (2nd Cir. 2013); *Aquilar v. Ocwen Loan Servicing, LLC*, 289 F.Supp.3d 1000 (Dist. Court, Minnesota 2018).

16. Plaintiff has not forfeited his right to privacy and seclusion by previously bringing lawsuits alleging violations of the TCPA.

17. Plaintiff is enforcing his rights under the TCPA by his desire to enforce the public good as defined by Congress' enactment of the TCPA.

18. The damage provisions of the TCPA provide an incentive for injured consumers to forward the goals of Congress.

## DEFENDANTS

19. The Defendants in this matter are Comcast Cable Communications, LLC d/b/a Xfinity with headquarters in Philadelphia, Pennsylvania and five of its subsidiaries, hereinafter referred to collectively as "Defendant Comcast,"

20. Defendant Comcast comprises the largest media company in the world, its businesses include AT&T Broadband, NBC Universal, Dreamworks Animation, Sky, Xfinity and XUMO.

21. Defendant Comcast has about 1,900 employees in the Twin Cities area.

22. Defendant Comcast has engaged in the business of telemarketing in Minnesota.

23. January 15, 2020, Defendant Comcast entered into a consent decree with the Minnesota Attorney General for $1.14 million after being sued for allegedly violating Minnesota's Consumer Fraud and Uniform Deceptive Trade

Practices Act, allegedly charging consumers for unordered products and failing to deliver gift cards promised in exchange for signing up for services.[2]

24.    Defendant Comcast has been sued numerous times for alleged violations of consumer protection laws, including the TCPA.

## FACTS

**FIRST ROBOCALL:**

25.    Wednesday, July 1, 2020, Defendant Comcast called Plaintiff's residential cell telephone with a telemarketing message offering Plaintiff Defendant Comcast's cable television services, referring to Xfinity, a brand owned by Defendant Comcast.

26.    The Plaintiff heard a pause and a click before the recorded or artificial voice began, indicating that an automatic telephone dialing system (ATDS) was used.

27.    The Caller ID feature of Plaintiff's cell telephone displayed the number 800 266-2278 - a number owned by Defendant Comcast - as when the Plaintiff called it he was  connected to a recorded  voice which said, "Hi! Thank you for calling Xfinity!"

28.    Defendant Comcast's use of an ATDS and an artificial and/or recorded voice to send a telemarketing message to Plaintiff was willful and knowing.

---

[2] *State of Minnesota v. Comcast Corporation, LLC*, 27-cv-18-20552 (Henn. Co. Minn. Dist. Ct. 2018) and undated Press Release - Attorney General Ellison obtains relief for more than 30,000 Comcast/Xfinity customers.

29.   Immediately after the call Plaintiff sent Defendant Comcast a request for its policy regarding the do-not-call registry maintained by the Federal Trade Commission (FTC).

## SECOND ROBOCALL:

30.   Wednesday, August 12, 2020, at 4:50 pm Defendant Comcast called Plaintiff's residential cell telephone with a telemarketing message offering Plaintiff Defendant Comcast's television services, referring to Xfinity, a brand owned by Defendant Comcast.

31.   The Plaintiff heard a pause and a click before the recorded or artificial voice began, indicating that an ATDS was used.

32.   The Caller ID feature of the Plaintiff's cell telephone displayed the number 800 266-2278, a number belonging to Defendant Comcast - as when Plaintiff called it he was connected to a recorded voice which said, "Hi! Thank you for calling Xfinity!"

33.   Defendant Comcast's use of an ATDS and an artificial and or recorded voice to send a telemarketing message to Plaintiff was willful and knowing.

34.   Immediately after receiving the call Plaintiff sent Defendant Comcast a request for its policy regarding the do-not-call registry maintained by the Federal Trade Commission (FTC).

35.   A copy of Plaintiff's contemporaneous notes of the call are attached hereto as Plaintiff's Exhibit "A."

6

36.     Defendant Comcast's calls to Plaintiff were "telephone solicitations"

and "telemarketing calls" as respectively defined by § 227(a)(4) of the TCPA

and 47 CFR ¶ 64.1200(f)(12) as being "the initiation of a telephone call or

message for the purpose of encouraging the purchase or rental of, or

investment in, property, goods, or services, which is transmitted to any

person."

37.     Defendant Comcast's calls to Plaintiff were not made on behalf of a

tax-exempt nonprofit.

38.     Defendant Comcasts' calls to Plaintiff were not made on behalf of a

covered entity or its business associate, as those terms are defined in the

Health Insurance Portability and Accountability Act of 1996 (HIPAA).

39.     47 CFR ¶ 64.1200(a)(3) requires that Defendant Comcast's

telemarketing calls made to the Plaintiff's cell telephone must have been

made with Plaintiff's prior express written consent.[3]

## **PLAINTIFF'S FIRST POLICY REQUEST:**

---

[3] 47 CFR ¶ 64.1200(a)(3): Delivery restrictions. (a) No person or entity may
(3) Initiate any telephone call to any residential line using an artificial or
prerecorded voice to deliver a message without the prior express written
consent of the called party, unless the call: (i) Is made for emergency
purposes; (ii) Is not made for a commercial purpose; (iii) Is made for a
commercial purpose but does not include or introduce an advertisement or
constitute telemarketing; (iv) Is made by or on behalf of a tax-exempt
nonprofit organization; or (v) Delivers a "health care" message made by, or
on behalf of a "covered entity" or its "business associate," as those terms are
defined in the HIPAA Privacy Rule, 45 CFR 160.103. The Report & Order,
*In re* Rules and Regulations Implementing the Tel. Consumer Prot. Act of
1991, 27 F.C.C. Rcd. 1830 (FCC Feb. 15, 2012)(deleting former subsection
(a)(2)(iv) of 47 CFR¶ 64.1200) and applying prior express written consent of
the called party must be obtained for such calls made to cell phones.

7

40.    July 1, 2020, sent a letter, dated July 1, 2020, to three of Defendant

Comcast's entities stating he had received a call offering Defendant

Comcast's services to him and requested a copy of its policy regarding the

do-not-call registry maintained by the FTC.

41.    The Plaintiff obtained a U. S. Postal Service Certificate of Mailing for

each of the letters.

42.    A copy of the July 1, 2020, letter and the three Certificates of Mailing

are attached hereto as Plaintiff's Exhibit "B."

43.    None of the letters were returned to the Plaintiff by the U. S. Postal

Service.

## PLAINTIFF'S SECOND POLICY REQUEST:

44.    On August 12, 2020,  after receiving a second telemarketing robocall

from Defendant Comcast, Plaintiff sent a second letter to three of Defendant

Comcast's entities requesting a copy of Defendant Comcast's policy

regarding the do-not-call registry maintained by the FTC.

45.    The Plaintiff obtained a U. S. Postal Service Certificate of Mailing for

each of the letters.

46.    A copy of the August 12, 2020, letter and the three Certificates of

Mailing are attached hereto as Plaintiff's Exhibit "C."

47.    None of the letters were returned to the Plaintiff by the U. S. Postal

Service.

## DEFENDANT COMCAST'S AUGUST 14, 2020, EMAIL TO PLAINTIFF:

8

48.   August 14, 2020, Defendant Comcast sent Plaintiff an email with its policy regarding the do-not-call registry as an attachment.

49.   Plaintiff did not recognize the attachment and continued to request Defendant Comcast's policy - a matter which was straightened out by subsequent correspondence between the Plaintiff and Defendant Comcast.

## FIRST CLAIM FOR RELIEF

### Willful and knowing Violations of § 227(b)(1)(A)(iii) of the TCPA

50.   Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

51.   The two telemarketing calls made by Defendant Comcast to Plaintiff's residential cell telephone, willfully and knowingly using an ATDS and an artificial or prerecorded voice, violated § 227(b)(1)(A)(iii) of the TCPA and Defendant Comcast is liable to the Plaintiff under § 227(b)(3) for $500 for each of the two calls, which as they were made knowingly and willfully, is trebled to $1500 for each violation for a total of $3000.

## SECOND CLAIM FOR RELIEF

### Willful and Knowing Violations of § 227(b)(1)(B) of the TCPA and 47 CFR ¶ 64.1200(d)(8)

52.   Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

53.   The two telemarketing and/or telephone solicitation calls made by Defendant Comcast to Plaintiff's residential cell telephone, willfully and

knowingly using an automatic telephone dialing system (ATDS) and an

artificial or prerecorded voice, without having obtained the Plaintiff's prior

express written consent, violated § 227(b)(1)(b) of the TCPA and 47 CFR ¶

64.1200(d)(8).[4]

54.    Defendant Comcast is thereby liable to the Plaintiff under § 227(b)(3)

for $500 for each of the two calls, which, as they were made knowingly and

willfully, is trebled to $1500 for each violation for a total of $3000.

## THIRD CLAIM FOR RELIEF

### Willful and Knowing Violation of 47 CFR ¶ 64.1200(d)(1)

55.    Plaintiff realleges and incorporates by reference each and every

allegation set forth in the preceding paragraphs.

56.    47 U.S.C. § 227(c)(5) of the TCPA gives a private right of action for

violations of the provisions of regulations promulgated thereunder.[5]

---

[4] Also, see *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1897¶ 68 (Feb. 15, 2012; *Soular v. Northern Tier Energy, LP et al.*, Civil No. 0:2015cv00556 (Dist. Court, Minnesota 2015).

[5] 47 U.S.C. § 227(c)(5) of the TCPA gives a private right of action to "any person who has received more than one telephone call/text within any 12-month period by or on behalf of the same entity in violation of the regulations [47 CFR ¶ 64.1200] prescribed under this subsection."

Also, see *Rosenberg v. LoanDepot.Com, LLC et al.*, 436 F. Supp.3d 308, 324 - 325 (D. Mass. (2020) - finding a private right of action to enforce 47 CFR ¶ 64.1200(d)(4), holding with a majority of courts that have decided the question that "¶ 64.1200(d) was promulgated under 227(c) and contains a private right of action." See also *Callier v. Debt Mediators, LLC et al.*, 2022 WL 1423622 (WD Tex. May 5, 2022)(holding provisions of 47 CFR ¶ 64.1200 concerned with a broader effort to protect privacy was promulgated under § 227(c) and provided with a private right of action.); See *Cunningham v.*

57.    Defendant Comcast's failure to provide copy of its policy regarding the

do-not-call list maintained by the Federal Trade Commission to the Plaintiff

upon demand violated 47 CFR ¶ 64.1200(d)(1)[6] making it liable to the

Plaintiff under § 227(b)(3) of the TCPA for $500 which is trebled to $1500 by

being made knowingly and willfully.

## DEMAND FOR JUDGMENT

57.    Plaintiff respectfully requests a Judgment of this Court against

Defendant Comcast in the amount of $7500 and for such further relief as the

Court deems necessary and just.

Date: 09/07/2022

Chester C. Graham

Chester C. Graham
Plaintiff and Attorney *pro se*
905 Forest Avenue
Apt. #214
Northfield MN 55057-1699
Telephone: (320) 414-4431
chester474@gmail.com

---

*Rapid Response Monitoring Servs., Inc.*, 251 F. Supp. 3d 1187, 1200 (M.D.
Tenn. 2017) and *Wagoner v. CLC Resorts & Devs., Inc.*, 32 F. Supp.3d 1198
(M.D. Fla. 2014); *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1265 (11th Cir.
2019);*Charvat v. NMP, LLC*, 656 F.3d 440, 443-444 (6th Cir. 2011).

[6] 47 CFR ¶ 64.1200(d)(1): "No person or entity shall initiate any call for
telemarketing purposes to a residential telephone subscriber unless such
person or entity has instituted procedures for maintaining a list of persons
who request not to receive telemarketing calls made by or on behalf of
persons who request not to receive telemarketing calls made by or on behalf
of that person or entity. The procedures instituted must meet the following
minimum standards: (1) *Written policy.* Persons or entities making calls for
telemarketing must have a written policy available upon demand for
maintaining a do-not-call list."

## ACKNOWLEDGEMENT

The undersigned hereby acknowledges that costs, disbursements, witness fees and attorney fees may be awarded pursuant to Minn. Stat. § 529.122.

Chester C. Graham

Chester C. Graham

12

# PLAINTIFF'S EXHIBIT A

800  266-2278

Wednesday 4:50 pm

8/12                                    Comcast

a click before the real voice came on
line person asking about
my Comcast account.

I told him I didn't have one

Wednesday
July 1, 2020

Wendesday
aug. 12, 2020

# PLAINTIFF'S EXHIBIT B

July 1, 2020
Northfield MN

Comcast Cable Communications LLC
Comcast Corporation
Xfinity
1701 John F. Kennedy Blvd.
Philadelphia PA 19103-2838

Dear Messrs:

I received a call from you today offering
me your services.

Send me a copy of your policy regard-
ing the do-not-call list maintained by
the Federal Trade Commission (FTC)

Sincerely,
Chester C. Graham
Chester C. Graham
905 Forest Ave #214
Northfield MN 55057-1699

**UNITED STATES POSTAL SERVICE®**

**Certificate Of Mailing**

This Certificate of Mailing provides evidence that mail has been presented to USPS® for mailing.
This form may be used for domestic and international mail.

From: *Chester C Brabam*
*905 Forest Ave # 214*
*Northfield MN 55057*

To: *Comcast Cable Comm*
*1701 JFK Blvd*
*Philadelphia PA*
*19103 - 2838*

PS Form **3817**, April 2007  PSN 7530-02-000-9065

U.S. POSTAGE PAID
NORTHFIELD, MN
55057
JUL 02, 20
AMOUNT
**$1.50**
R2304N117626-08

---

**UNITED STATES POSTAL SERVICE®**

**Certificate Of Mailing**

This Certificate of Mailing provides evidence that mail has been presented to USPS® for mailing.
This form may be used for domestic and international mail.

From: *Chester C Brabam*
*905 Forest Ave # 214*
*Northfield M N*
*55057*

To: *X finity*
*1701 JFK Blvd*
*Philadelphia PA*
*19103 - 2838*

PS Form **3817**, April 2007  PSN 7530-02-000-9065

U.S. POSTAGE PAID
NORTHFIELD, MN
55057
JUL 02, 20
AMOUNT
**$1.50**
R2304N117626-08

---

**UNITED STATES POSTAL SERVICE®**

**Certificate Of Mailing**

This Certificate of Mailing provides evidence that mail has been presented to USPS® for mailing.
This form may be used for domestic and international mail.

From: *Chester C Brabam*
*905 Forest Ave # 214*
*Northfield M N*
*55057*

To: *Comcast Corp*
*1701 JFK Blvd*
*Philadelphia PA*
*19103 - 2838*

PS Form **3817**, April 2007  PSN 7530-02-000-9065

U.S. POSTAGE PAID
NORTHFIELD, MN
55057
JUL 02, 20
AMOUNT
**$1.50**
R2304N117626-08

# PLAINTIFF'S EXHIBIT C

(1st Class
US Mail)

August 12, 2020
Northfield MN

Comcast Cable Communications L L C
Comcast Corporation
Xfinity
1701 John F. Kennedy Blvd.
Philadelphia PA 19103

Dear Messrs:

I received a call from you today
offering me your services.

Send me a copy of your policy
regarding the do-not-call list
maintained by the Federal Trade
Commission (FTC).

Sincerely,
Chester C. Graham
Chester C. Graham
905 Forest Ave #214
Northfield MN 55057



**UNITED STATES POSTAL SERVICE®**

**Certificate Of Mailing**

This Certificate of Mailing provides evidence that mail has been presented to USPS® for mailing. This form may be used for domestic and international mail.

From: Chester C. Graham
905 Forest Ave. #214
Northfield MN 55057

To: Comcast Cable Communications LLC
1701 John F. Kennedy Boulevard
Philadelphia PA 19103

U.S. POSTAGE PAID
FCM LETTER
NORTHFIELD, MN
55057
AUG 12, 20
AMOUNT
$1.50
R2304M116283-22

PS Form **3817**, April 2007  PSN 7530-02-000-9065

---

**UNITED STATES POSTAL SERVICE®**

**Certificate Of Mailing**

This Certificate of Mailing provides evidence that mail has been presented to USPS® for mailing. This form may be used for domestic and international mail.

From: Chester C. Graham
905 Forest Avenue #214
Philadelphia PA 19103

To: Comcast Corporation
1701 John F. Kennedy Blvd.
Philadelphia PA 19103

U.S. POSTAGE PAID
FCM LETTER
NORTHFIELD, MN
55057
AUG 12, 20
AMOUNT
$1.50
R2304M116283-22

PS Form **3817**, April 2007  PSN 7530-02-000-9065

---



**UNITED STATES POSTAL SERVICE®**

**Certificate Of Mailing**

This Certificate of Mailing provides evidence that mail has been presented to USPS® for mailing. This form may be used for domestic and international mail.

From: Chester C. Graham
905 Forest Avenue #214
Northfield MN 55057

To: Xfinity
1701 John F. Kennedy Boulevard
Philadelphia PA 19103

U.S. POSTAGE PAID
FCM LETTER
NORTHFIELD, MN
55057
AUG 12, 20
AMOUNT
$1.50
R2304M116283-22

PS Form **3817**, April 2007  PSN 7530-02-000-9065